# PORTO RICO
# FEDERAL REPORTS.

### EDGAR A. MACKLIN, ETC.,
*v.*
### CITY OF SAN JUAN.

MUNICIPAL CONSUMPTION TAX—ARMY POST EXCHANGES.

1. The power of a municipality to tax is not inherent in it, and is by grant only.
2. Circular 46, December 20th, 1900, Department of Porto Rico, and which has force of law, exempted the post exchanges from municipal taxes.

November 27, 1900.

*Mr. Pettingill,* District Attorney, for complainant.

*Mr. Harlan,* Attorney General, for defendant.

HOLT, Judge, delivered the following opinion:

The court held in Macklin v. Hollander, *post,* p. 371, that beer belonging to the post exchange of San Juan was not exempt from taxation by the insular government, upon the ground, as was

31

claimed, that it was United States property, or belonged to a governmental agent, and that its taxation would impede or hinder governmental action. Upon a re-examination the court adheres to that opinion. The property of a government agent is taxable by the sovereign power in the jurisdiction where it is located, unless Congress has interposed and exempted it. Private property, although in governmental use, is not exempt in the absence of such legislation.

It is averred in the bill that the beer therein named is United States property, but all the averments show its real ownership, and that it is in fact not government property.

This is an effort, however, to subject it to municipal taxation by the city of San Juan,—to a consumption tax of the city. The power of a municipality is subject, however, to strict construction. The power to tax is not inherent in it. It has it by grant only. The inherent or sovereign power to tax belongs to the sovereign power of the state. Section 8 of the act of Congress of April 12th, 1900, relative to Porto Rico, continued in force any military order then in existence. Circular 46 of the Army Department of Porto Rico, dated December 20th, 1899, should be regarded as exempting the post exchange from municipal tax. The fact that it is in the form of a circular, and merely gives the opinion of an officer of the Army as to such exemption, or that this opinion gives a reason for the exemption not recognized as valid by this court, does not alter the fact that the Army Department of Porto Rico by publication of such circular adopted it and thereby declared such exemption, and that thereby it became a general law of the island, and has been continued in force by the act of Congress. The subsequent order of the Department, No. 85, dated April 24th, 1900, does not, in my opinion, repeal it. It merely recognizes the existence of consumption taxes in the island, and discontinues them as to certain

articles. Repeals by implication are not favored. It is, perhaps, not a satisfactory state of law that this property should be liable to insular, and not to city, tax; but this appears to be the present condition of the law. *Ita lex scripta est.*

Both parties have been heard upon this application for a temporary injunction, which is hereby granted, as prayed for in the bill, upon the complainant giving bond in the sum of $650, conditioned for the payment of said tax if it should finally be held that said beer is liable therefor, or a cash deposit made in lieu thereof.